# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET KLINE, | ) |
| | ) |
| Plaintiff, | ) C.A. No.: |
| | ) |
| v. | ) |
| | ) |
| CREDIT FIRST NATIONAL ASSOCIATION, | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

JANET KLINE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT FIRST NATIONAL ASSOCIATION ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

- 1 -

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Kingston, Pennsylvania 18704.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 6275 Eastland Road, Brook Park, OH 44142.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in late April or early May 2016 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. Defendant contacted Plaintiff, on average, multiple times each day.

14. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

- 2 -

PLAINTIFF'S COMPLAINT

15. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a noticeable delay before speaking to one of Defendant's representatives.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact Plaintiff regarding an alleged Firestone account balance.

17. Plaintiff knew that Defendant was calling her because she spoke to male and female callers who identified their name as the Defendant's during calls.

18. It was annoying and harassing for Plaintiff to be called on her cellular telephone with such frequency.

19. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's callers to advise them she no longer wanted to be contacted on her cellular telephone and to stop calling her during the second or third call placed to her in early May 2016.

20. This was Plaintiff's way of revoking any consent that may have been given to Defendant to contact her.

21. Defendant heard Plaintiff's instructions to stop calling her.

22. However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

23. Rather, Defendant continued to call Plaintiff on her cellular telephone multiple times each day.

24. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

28. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

29. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

- 4 -

PLAINTIFF'S COMPLAINT

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

32. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JANET KLINE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JANET KLINE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

Dated: August 12, 2016